IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

WESLEY HEMPSTEAD                                                                                            PLAINTIFF

vs.                                               Civil No. 6:21-cv-06158

COMMISSIONER, SOCIAL                                                                                      DEFENDANT
SECURITY ADMINISTRATION

## MEMORANDUM OPINION

Wesley Hempstead ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for a period of disability, Disability Insured Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 6.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff protectively filed his disability applications on September 13, 2019. (Tr. 15). In both applications, Plaintiff alleged being disabled due to Myelodysplastic Syndrome ("MDS") and

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___" The transcript pages for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 11. These references are to the page number of the transcript itself not the ECF page number.

1

a "spot on lung." (Tr. 211). Plaintiff alleges an onset date of July 27, 2018. (Tr. 15). These applications were denied initially and again upon reconsideration. (Tr. 97-112).

On March 4, 2021, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's applications. (Tr. 12-31). The ALJ determined Plaintiff met the insured status requirements of the Act through September 30, 2023. (Tr. 18, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since July 27, 2018, his alleged onset date. (Tr. 18, Finding 2). The ALJ determined Plaintiff had the following severe impairments: anemia and myelodysplastic syndrome. (Tr. 18, Finding 3). Despite being severe, the ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 18-19, Finding 4).

In his decision, the ALJ evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). Specifically, the ALJ found Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that that the claimant has the residual functional capacity to perform the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b).

*Id.* The ALJ found Plaintiff was fifty-one (51) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d) (2008) and 20 C.F.R. § 416.963(d) (2008). (Tr. 25, Finding 7). The ALJ determined Plaintiff has at least a high school education and had obtained his GED. (r. 25, Finding 8).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff was unable to perform any PRW. (Tr. 25-26, Finding 10). The ALJ then considered whether Plaintiff retained

2

the capacity to perform other work existing in significant numbers in the national economy. *Id.* Plaintiff and the VE testified at the administrative hearing regarding this issue. *Id.* Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform work as a (1) cleaner (light, unskilled) with approximately 220,000 such jobs in the national economy; and (2) assembler (light, unskilled) with approximately 200,000 such jobs in the national economy. (Tr. 25). Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from July 27, 2018 through the date of his decision or through March 4, 2021. (Tr. 26, Finding 11).

Plaintiff requested the Appeals Council's review of the ALJ unfavorable disability determination. (Tr. 1-6). On October 29, 2021, the Appeals Council declined to review the ALJ's disability determination. (Tr. 1-6). On December 14, 2021, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on December 15, 2021. ECF No. 6. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.

*See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant

can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.      Discussion:**

In his appeal brief, Plaintiff raised three arguments for reversal: (1) the ALJ erred by failing to provide analysis of his medical opinions as required by the regulations; (2) the ALJ refused to comply with the holdings of the Eighth Circuit Court of Appeals regarding the weight to be given to the opinions of treating physicians; (3) the ALJ erred in considering the burden shift at Step Five of the Analysis; and (4) the ALJ erred by failing to apply the appropriate standard of proof. ECF No. 15 at 1-28. Upon review, the Court finds the ALJ erred in considering the opinions of his treating physician or treating source. As such, this case must be reversed and remanded.

On January 18, 2017, the SSA adopted new rules which, for claims filed after March 27, 2017, modify the "treating physician" rule. Because this claim was filed after March 27, 2017, the new rule applies in the present action, and the ALJ must consider factors such as the supportability of the opinion, the consistency of the opinion, relationship to the claimant to the treating source, and specialization of the treating source. *See* 20 C.F.R. §§ 404.1520c(c) and 416.920c(c). Under these new regulations, the SSA "will consider" these factors. *See id.*

In his decision, the ALJ evaluated the opinions of Plaintiff's treating source, Angela Dawn Suttle, APN, as follows:

> Angela Dawn Suttle, an Advanced Practice Registered Nurse with BH Family Clinic Gurdon, reported on September 27, 2019 that the claimant has a significant history of leukopenia and undergone multiple testing with cause unfounded. She reported that the claimant also has fatigue and gets short of breath with activity. Other diagnoses are GERD, anemia, and alcohol use disorder. She opined the claimant would not qualify for most employments due to his current condition

5

(Exhibits 1F/3, 2F/3). Ms. Suttle completed a Physical Assessment form the same date. She reported being the claimant's primary care provider (PCP) and seeing the claimant every one to three months and as needed. Ms. Suttle listed diagnoses pulmonary nodule, leukopenia, anemia, GERD, chronic cough, edema, vitamin deficiency, minimal obstructive airway disease, alcohol use, and arthralgia. She reported the claimant has symptoms of fatigue, shortness of breath, dizziness, cough, pain, and other. She opined the claimant could lift 20 pounds occasionally and frequently lift 10 pounds or less. Ms. Suttle also opined the claimant has significant limitations in standing/walking with the need for excessive breaks (Exhibit 3F/2-3). *The opinion of Ms. Suttle is not persuasive in view of the ongoing records that show good response to treatment.*

(Tr. 23) (emphasis added).

Indeed, apart from one cursory sentence, the ALJ did not evaluate any of the required factors which the ALJ is required to consider in evaluating the opinions of Ms. Suttle, APN under 20 C.F.R. §§ 404.1520c(c) and 416.920c(c). This is reversible error. *See, e.g., Bonnett v. Kijakazi*, 859 F. App'x 19 (8th Cir. 2021) (per curiam) (unpublished) (reversing the decision of the ALJ and requiring a specific analysis of both supportability and consistency in the ALJ's opinion). Accordingly, the Court cannot find the ALJ properly considered the opinions of this treating source as required by the social security regulations.

4. **Conclusion:**

Based on the foregoing, the undersigned finds the ALJ improperly complied with the treating physician regulations. As such, this case is reversed and remanded for further findings consistent with this opinion. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 22nd day of July 2022.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

6